21-16809

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**JAMES EDWARD CUPP, et al.**

                Plaintiffs-Appellants,

v.

**ROB BONTA, Attorney General of the State of California, in his official capacity only; et al.,**

                Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of California

No. 2:16-cv-00523-TLN-KJN
The Honorable Troy L. Nunley, Judge Presiding

### DEFENDANT ATTORNEY GENERAL ROB BONTA'S MOTION TO STAY APPELLATE BRIEFING

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

ANTHONY P. O'BRIEN
Deputy Attorney General
State Bar No. 232650
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6002
 Fax: (916) 324-8835
 Email: Anthony.OBrien@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

## INTRODUCTION

Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of California,[1] respectfully requests that the Court stay appellate briefing pending the United State Supreme Court's decisions in *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (en banc), petition for cert. filed (U.S. Feb. 28, 2022) (No. 21-1194), and *Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021) (en banc), petition for cert. filed (U.S. May 11, 2021) (No. 20-1639). Plaintiffs-Appellants James Edward Cupp and Lawrence "Wolf" Haven ("Plaintiffs") do not oppose this motion.

In this case, Plaintiffs claim that several California laws related to the possession of firearms and other weapons—and the Attorney General's enforcement of these laws—violate their rights under the Second, Fifth and Fourteenth Amendments. Two of the claims raised in Plaintiffs' appellate brief involve issues already addressed by this Court and are now subject to pending petitions for certiorari:

First, Plaintiffs allege that California's prohibition on the possession of large-capacity magazines (LCMs) (Cal. Penal Code §§ 16740, 32310) violates the

---

[1] Plaintiffs initially named Kamala D. Harris and Xavier Becerra, in their former official capacities as Attorneys General of California, as defendants in this matter. Appellants' Excerpt of Record, Vol. 1 at 15, 61, 185 (1 AER 15, 61, 185). Under Federal Rule of Civil Procedure 25(d), Attorney General Bonta is automatically substituted as the named Defendant-Appellee.

Second Amendment. Appeal Opening Brief (AOB) at 8-9, 21, 27-28, 34-35, 49-50. This Court addressed this same issue in *Duncan v. Bonta*, 19 F.4th at 1103-04, upholding the constitutionality of California Penal Code sections 16740 and 32310, and noting that the LCM ban reasonably fit the important governmental interest of reducing devastating damage wrought by mass shootings, did not outlaw any weapon, interfered only minimally with the core right of self-defense of home and family, and saved lives. *Id*. at 1104.

Second, Plaintiffs contend that California's prohibition on the open and concealed carrying of firearms (Cal. Penal Code §§ 25400, 25850) violates the Second Amendment. AOB at 17-18, 20-21, 30, 51-52. In *Young v. Hawaii*, 992 F.3d at 826, this Court upheld a similar state regulation on the open carrying of firearms, noting that the "restrictions are within the state's legitimate police powers and are not within the scope of the right protected by Second Amendment."

Both *Duncan* and *Young* are now subject to pending petitions for certiorari. *See Duncan*, petition for cert. filed (U.S. Feb. 28, 2022) (No. 21-1194); *see also Young*, petition for cert. filed (U.S. May 11, 2021) (No. 20-1639). The Supreme Court's determination of these pending petitions—and, if the petitions are granted, its ultimate rulings on those cases—may impact the parties' arguments on appeal and this Court's decisions. Additionally, the Supreme Court's upcoming decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, argued Nov. 3, 2021

(U.S. No. 20-843) *(NYSRPA)*—which also concerns the constitutionality of laws regarding open and concealed carrying of firearms (*see New York State Rifle & Pistol Association, Inc., et al. v. Beach*, 354 F. Supp. 3d 143, 148 (N.D.N.Y. 2018), *aff'd* 818 Fed. Appx. 99 (Mem.) (2d Cir. 2020))—may also impact this Court's determination on similar issues raised here.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Here, a stay of briefing in this case, until the Supreme Court has ruled on the pending petitions touching on some of the same issues raised in this matters, will conserve the Court's and the parties' resources, and ensure that any further briefing and argument regarding the issues raised in this appeal are rooted in settled law.

Moreover, the requested stay will not cause harm to Plaintiffs (who do not oppose this motion) and is fully supported by the balance of interests between the parties here. For these reasons, and for the reasons discussed below, Attorney General Bonta respectfully requests that this Court stay briefing on this matter until after the Supreme Court has ruled on the pending petitions in *Duncan* and *Young*,

and—if either of those petitions are granted—after the Supreme Court's adjudication of those matters.[2]

**I.    A STAY OF BRIEFING UNTIL THE SUPREME COURT ADJUDICATES THE PETITIONS IN *DUNCAN* AND *YOUNG* SUPPORTS THE ORDERLY COURSE OF JUSTICE.**

---

[2] The other claims raised in Plaintiffs' appeal include the following:

(1) That the State's prohibition of non-conventional weapons, such as a slungshot (Cal. Penal Code §§ 18010, 22210) violates the Second Amendment and the Taking Clause of the Fifth Amendment. AOB at 21, 24-27, 47-48.

(2) That the State's law enforcement gun release process ("LEGR;" Cal. Penal Code §§ 33850, 33855, 33860) violates the Second Amendment and the Fifth Amendment's Due Process and Takings Clauses. AOB at 21, 24-27, 48-49, 53-54.

(3) That California's prohibitions on the possession of: (a) handguns not on the state's roster of permitted firearms (Cal. Penal Code § 31910); and (b) any unrostered semiautomatic pistols lacking a microstamping mechanism to identify the make, model and serial number of the pistol (*id*. §§ 31910(b)(6)(A), 32015) violate the Second Amendment and the Fourteenth Amendment's Equal Protection Clause. AOB at 9-10, 21-22, 28-30, 34, 50-51, 52.

(4) That California's exception for transfer of a firearm without a valid handgun or safety certificate for honorably retired peace officers (Cal. Penal Code § 31720) violates Plaintiffs' rights under the Fourteenth Amendment's Equal Protection Clause. AOB at 11-12, 22, 35, 46, 52-53.

While these claims are not directly impacted by the pending petitions for certiorari, the Supreme Court's upcoming decision in *NYSRPA* may also impact briefing on these issues as well. Moreover, Plaintiffs have not raised any claim of injury resulting from a stay on briefing of these matters, which have already been subject to litigation for almost 6 years.

This Court's rulings in *Duncan* and *Young* are dispositive of Plaintiffs' challenges to California's LCM ban and open carry statutes. Therefore, staying this matter until after the Supreme Court has completed its review on the pending petitions for certiorari in both cases will meaningfully facilitate the "orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (stay may be appropriate "pending resolution of independent proceedings which bear upon the case").

A stay will allow the parties to raise arguments in their remaining briefs that are based on settled jurisprudence with respect to California's LCM prohibition and open carry laws. Alternatively, an order denying the requested stay would result in the parties submitting briefs that may ultimately be rendered obsolete if the Supreme Court grants either petition, or issues a decision in *NYSRPA* that alters the legal basis of this Court's decision in *Young*. The Court, therefore, should implement the stay to ensure that all further briefing on this matter is based on settled law and of use to the Court's determinations of the issues raised in this appeal.[3]

---

[3] To that end, Attorney General Bonta would not oppose any request from Plaintiffs here to submit a supplement to their opening brief after the Supreme Court adjudicates the petitions in *Duncan* and *Young*.

## II.  A STAY WILL NOT DAMAGE PLAINTIFFS AND WILL CONSERVE ALL PARTIES' RESOURCES.

The balance of the parties' interests also supports a stay.  *See CMAX*, *Inc.*, 300 F.2d at 268 ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed").

First, Plaintiff will not likely sustain any "damage" if briefing is stayed pending rulings in in the pending petitions.  See *Landis*, 299 U.S. at 255 ("clear case of hardship or inequity in being required to go forward" must be shown only "if there is even a fair possibility that the stay … will work damage to some one else").  This appeal—even if fully briefed and argued without a stay—is unlikely to be resolved before the pending petitions in *Duncan* and *Young*.  The Supreme Court will issue a ruling in *NYSRPA* by the close of this term.  And the Court may act on the petition in *Young* soon thereafter, as that case concerns many of the same issues raised in *NYSRPA*.  And while the petition in *Duncan* is only recently filed, its adjudication will also likely occur before this matter is submitted.

Second, awaiting the outcome of *Duncan* and *Young* will be more efficient for the parties and the Court.  As noted above, a stay until resolution of these matters—along with *NYSRPA*—will give all parties the benefit of preparing arguments based on the settled law regarding LCM regulations and open carry laws.  The Court, in turn, will be better able to address these issues without

7

awaiting any further ruling by the Supreme Court. Moreover, a stay in this matter is consistent with this Court's treatment of other Second Amendment cases involving issues raised in other pending matters. *See Rhode v. Rodriquez*, No. 20-55437, order Mar. 19, 2021 (ECF No. 82) (holding appeal in abeyance pending issuance of the mandate in *Duncan*); *see also Rupp v. Becerra*, No. 19-56004, order Feb. 25, 2021 (ECF No. 65) (same); *see also Flanagan v. Becerra*, No. 18-55717, order July 30, 2019 (ECF No. 57) (staying appeal pending issuance of Ninth Circuit decision in *Young*); *see also Nichols v. Newsom*, No. 14-55873, order Aug. 19, 2021 (ECF No. 124) (suspending submission of case pending Supreme Court's decision on writ of certiorari in *Young*).

## CONCLUSION

For the foregoing reasons, Attorney General Bonta respectfully requests that this Court grant this motion and stay briefing in this matter pending the Supreme Court's adjudication of the petitions for certiorari in *Duncan* and *Young*.

8

Dated:  March 10, 2022	Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

SA2021305344
35999203.docx

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 21-16809

I am the attorney or self-represented party.

**This brief contains** 1,655 **words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- ⦿ complies with the word limit of Cir. R. 32-1.
- ○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*
  - ○ it is a joint brief submitted by separately represented parties;
  - ○ a party or parties are filing a single brief in response to multiple briefs; or
  - ○ a party or parties are filing a single brief in response to a longer joint brief.
- ○ complies with the length limit designated by court order dated _____.
- ○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Anthony P. O'Brien            **Date** March 10, 2022
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                                      *Rev. 12/01/2018*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Cupp, James Edward v. Kamala D. Harris, et al. [Appeal]** | No. | **21-16809** |

I hereby certify that on <u>March 10, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ATTORNEY GENERAL ROB BONTA'S MOTION TO STAY APPELLATE BRIEFING**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 10, 2022</u>, at Sacramento, California.

| Eileen A. Ennis | /s/ Eileen A. Ennis |
|---|---|
| Declarant | Signature |

SA2021305344
35999250.docx