**No. 21-16809**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

JAMES CUPP; LAWRENCE "WOLF" HAVEN

*Plaintiffs-Appellants*,

v.

KAMALA HARRIS, ET AL

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Eastern District of California
No. 16-cv-00523-TLN-KJN
Hon. Troy L. Nunley

---

### APPELLANTS' MOTION TO LIFT STAY

---

Gary W. Gorski (SBN 166526)
***VETERANS LAW CENTER***
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(406) 266-1000 / (775) 720-1000 (cell)
CivilRightsAttorney@BlackWolfLaw.com
www.veteranslawcenter.com

Daniel M. Karalash (SBN 176422)
***STRATEGIC LAW COMMAND***
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234 / (916) 223-9884 (cell)
dan@stratlaw.org  / www.stratlaw.org

***Attorneys for Appellants***

1

## MOTION TO LIFT STAY

This case comes before this Court as an appeal from final orders granting Defendant's motion to dismiss for failure to state a claim and lack of standing, and a denial of a preliminary injunction and declaratory relief. (ER-4, Order of September 28, 2021; ER-47, Order of September 24, 2020; ER-83, Order of October 9, 2018, denying request for preliminary injunction; ER-85, Order of September 21, 2018.)

After Appellants filed their Opening Brief and Excerpts of Record, this Court issued an order on March 24, 2022, staying appellate proceedings in this matter pending the United States Supreme Court's decisions in *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (en banc), petition for cert. filed (U.S. Feb. 28, 2022) (No. 21-1194), and *Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021) (en banc), petition for cert. filed (U.S. May 11, 2021) (No. 20-1639).

The cases of *Young v. Hawaii*, Sup. Ct. Dkt. No. 20-1639, and *Duncan v. Bonta*, Sup. Ct. Dkt. No. 21-1194 have been ruled upon. In those two cases, the Supreme Court granted the Petitions, reversed the Ninth Circuit's opinions in those two cases, and remanded the cases with strict guidance to comply with the text, history and tradition test set forth in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, No. 20-843, pages 89-90 (June 23, 2022), which held as follows:

> The constitutional right to bear arms in public for self-defense is not "a second-class right, subject to an entirely

different body of rules than the other Bill of Rights guarantees." *McDonald*, 561 U. S., at 780, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (plurality opinion). We know of no other constitutional right that an individual may exercise only after demonstrating to government officers some special need. That is not how the First Amendment works when it comes to unpopular speech or the free exercise of religion. It is not how the Sixth Amendment works when it comes to a defendant's right to confront the witnesses against him. And it is not how the Second Amendment works when it comes to public carry for self-defense.

The U.S. Supreme Court further stated in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, No. 20-843, pages 89-90 (June 23, 2022) the following:

In *Heller* and *McDonald*, we held that the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense. In doing so, we held unconstitutional two laws that prohibited the possession and use of handguns in the home. In the years since, the Courts of Appeals have coalesced around a "two-step" framework for analyzing Second Amendment challenges that combines history with means-end scrutiny.

Today, we decline to adopt that two-part approach. In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Konigsberg v. State Bar of Cal.*, 366 U. S. 36, 50, n. 10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961). [emphasis added]

As such, Appellants respectfully request that the stay be lifted, and that the briefing schedule be reinstated.

Respectfully submitted,

Dated Wednesday, July 6, 2022.  /s/ *Gary W. Gorski*
Gary W. Gorski
Attorney for Plaintiff

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Certificate of Service for Electronic Filing

**9th Cir. Case Number: 21-16809**

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Description of Document(s)** *(required for all documents)***:**

MOTION

**Signature** /s/ *Gary W. Gorski*  **Date: Wednesday, July 6, 2022**
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 15**                                                                 *Rev. 12/01/18*